**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y

★   JUL 24 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VERA BROWN AND YEHUDA LITVINTCHOUK
on behalf of themselves and
all other similarly situated consumers

                Plaintiffs,

      -against-

FULTON FRIEDMAN & GULLACE LLP

                Defendant.

CV-12 3674


SUMMONS ISSUED

WEINSTEIN J

AZRACK M

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiffs Vera Brown and Yehuda Litvintchouk seek redress for the illegal practices of Fulton Friedman & Gullace LLP in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by Section 15 U.S.C. 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiffs involves a consumer debt purportedly owed to Asset Acceptance, LLC.

5. Upon information and belief, Defendant's principal place of business is located within Rochester, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Vera Brown and Yehuda Litvintchouk

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

11. On or about November 2, 2011 and February 6, 2012 Defendant sent the Plaintiffs Vera Brown and Yehuda Litvintchouk respectively, a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letters state in pertinent part as follows: "Your delinquent account listed above has been referred to our office for collection. Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt. Note that if a lawsuit is commenced, the court may access additional charges for the court costs and other expenses of the lawsuit."

13. Said language is a threat to take unintended legal action.

14. Defendant violated 15 U.S.C. §§1692e(5) and 1692e(10) of the FDCPA by threatening to take action against Plaintiffs even though Defendant has not and does not intend to take such action.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themself and the members of a class, as against the Defendant.*

15. Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through fourteen (14) as if set forth fully in this cause of action.

16. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Defendant asserting a debt owed to Asset Acceptance, LLC, (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the Plaintiffs respectively on or about November 2, 2011 and February 6, 2012; (b) the collection letters were sent to a consumer seeking payment of a personal debt; and (c) the collection letters were not returned by the postal service as undelivered, and (d) the Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken by Defendant in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10).

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

Case 1:12-cv-03674-JBW-JMA   Document 1   Filed 07/24/12   Page 6 of 16 PageID #: 6

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiffs are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

Case 1:12-cv-03674-JBW-JMA   Document 1   Filed 07/24/12   Page 8 of 16 PageID #: 8

19. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

21. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

22. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 17, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiffs request trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

# FULTON FRIEDMAN & GULLACE LLP
## COLLECTIONS, CONSULTING & LITIGATION
LICENSED IN AZ, CA, DC, FL, IL, MD, MI, NJ, NY, OH, PA, TN, TX & VA

NYC DEPARTMENT OF CONSUMER
AFFAIRS LICENSES: 1328139,
1344745, 1344741 & 1394439

PO BOX 2123
WARREN, MI 48090-2123

TOLL FREE 877-496-4802
EXT. 0

February 6, 2012

Re: Asset Acceptance, LLC Assignee of GEMB/PC RICHARDS
Original Creditor Acct #: XXXXXXXXXXXX6388
Fulton, Friedman & Gullace, LLP Acct #: 12-3483
Balance Due: $3220.49

Dear Vera Brown:

Your unpaid account listed above has been referred to our office for collection. Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt. Note that if a lawsuit is commenced, the Court may assess additional charges for the court costs and other expenses of the lawsuit.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Very truly yours,

Dave Smith
Collections Team (Non-Attorney)
Phone: 877-496-4802 Ext. 0
Fulton, Friedman & Gullace, LLP

***Detach Lower Portion and Return with Payment***

CCGASSE02_OS_0100



PO Box 2124
Warren MI 48090-2124

ADDRESS SERVICE REQUESTED

Fulton, Friedman & Gullace, LLP Acct #: 12-3483
Balance Due: $3220.49

February 6, 2012

12-3483-OS_0100      720973108

Vera Brown
307 Beach 20Th St
Far Rockaway NY 11691-3619

**FULTON, FRIEDMAN & GULLACE, LLP**
PO Box 2123
Warren MI 48090-2123

# FULTON FRIEDMAN & GULLACE, LLP
## COLLECTIONS, CONSULTING & LITIGATION
LICENSED IN ARIZONA, CALIFORNIA, DISTRICT OF COLUMBIA, MARYLAND, MICHIGAN, NEW YORK, PENNSYLVANIA, TENNESSEE & TEXAS

NYC DEPARTMENT OF CONSUMER  
AFFAIRS LICENSES: 1328139,  
1344745, 1344741 & 1394439

PO Box 2123  
WARREN, MI 48090-2123

TOLL FREE 877-496-4802  
Ext. 0

November 2, 2011

Re: Asset Acceptance, LLC Assignee of CITIBANK  
Original Creditor Acct #: XXXXXXXXXXXX4328  
Fulton, Friedman & Gullace, LLP Acct #: 11-32093  
Balance Due: $4491.24

Dear Yehuda Litvintchouk:

Your unpaid account listed above has been referred to our office for collection. Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt. Note that if a lawsuit is commenced, the Court may assess additional charges for the court costs and other expenses of the lawsuit.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Very truly yours,

Dave Smith  
Collections Team (Non-Attorney)  
Phone: 877-496-4802 Ext. 0  
Fulton, Friedman & Gullace, LLP

CCGASSF02 OS 0100

***Detach Lower Portion and Return with Payment***



PO Box 2124  
Warren MI 48090-2124  
ADDRESS SERVICE REQUESTED

Fulton, Friedman & Gullace, LLP Acct #: 11-32093  
Balance Due: $4491.24

November 2, 2011

11-32093-OS_0100    655155260

Yehuda Litvintchouk  
1660 E 3Rd St  
Brooklyn NY 11230-6903

Fulton, Friedman & Gullace, LLP  
PO Box 2123  
Warren MI 48090-2123